23-7783 and 23-7788 United States v. Brooks My name is Jeremiah Donovan. I didn't represent Sean Brooks in either of his criminal convictions nor in any of his violations of supervised release. I was appointed in this case and what I'd like to concentrate on is the imposition of conditions of supervised release. I only have five minutes. I was thankful to only have five minutes because cuttings were the weeds of the proceedings here and the statutory revisions doesn't make for a good oral argument. But the conditions of supervised release do because this case illustrates the wisdom of the Majorano decision. As you can see in the transcript, the imposition of conditions of supervised release here was kind of an afterthought. A very askew assistant U.S. attorney said, well, Judge, what about, as the judge was about to leave the bench, said, Judge, what about the conditions of supervised release? And the judge said, well, I impose all the conditions previously imposed. And as I've argued in my brief, I have no idea what that means. Does it mean that every single condition that was ever imposed in both cases is now part of the judgment in both cases? Or does it mean that every single condition of supervised release in the 2011 drug case is imposed in the 2011 judgment and every single condition in the escape case, the 2015 escape case, is imposed in the escape case? And as I've indicated in my brief, this isn't just quibbling. This isn't just nitpicking, although I'm never below quibbling and nitpicking if I can quibble and nitpick on appeal. If you take a look, for example, at the requirement of mental health treatment, that was not part of the judgment of the drug case. But it was part of the judgment of the escape case. Now, what difference does it make? It would make no difference if the two probations, if the two supervised release terms were the same. But the term of the drug case is five years and the term of the escape case is one year. So when that one year is over, I couldn't tell the probation officer or the defendant whether the requirement of mental health counseling is over or not. I think it probably would be, but I don't know that. The issue in Mayorana, the issue is whether the defendant was placed sufficiently on notice so that if the defendant believed that one of the conditions that was going to be imposed was unfair and inappropriate in some way, he would be able to argue against it. And you say, well, saying that all of the conditions previously imposed are going to be reimposed, that tells him all the conditions, that this is a known quantity. All of the provisions that were previously imposed are going to be reimposed. So if any of those he has arguments against, he can make them. Now you say, well, maybe some of them wouldn't be imposed. Maybe some of them would not be. But he's on notice. He's warned that they're going to be. If it turns out that he gets lucky and one of them doesn't get imposed. I'm kind of not sure I agree with that. And a further question. What did the pre-sentence report say? Exactly. You anticipate my response. Exactly, Judge. There's no pre-sentence report because it's a violation of supervised release hearing. Now my sister, Ms. Arroyo, very cleverly says, oh, but there were prior judgments and the prior judgments set forth the conditions of supervised release there. I say, how can a 2011 judgment and a 2015 or 16 judgment give us advance notice for judgments that are going to be imposed in 2025? I mean, let's say we have a pre-sentence report from 2011 and it sets forth certain recommended conditions. That doesn't tell us what the conditions are. Is there anything in this record? I'm not sure there is. But a normal practice would be that when he begins his period of supervised release, the probation officer goes over each of the conditions. What does the probation officer do? He takes the judgment and he reads the judgment to the defendant and says, you understand that? And then there's that little space at the bottom of the judgment where they sign it. That doesn't help us here because the probation officer, he's reading the judgment. But in our view... But my point is, it's not only at the time of the imposition of the original sentence, but it's also often years later when he begins his period of supervised release. When he's released. Sure. And that's the first thing the probation officer does. He goes, I just got word, my time is up, so let me talk quickly. I just got word that this Sharon Brooks was released to a halfway house. So now he's at the halfway house. What will happen is the probation officer will go out there before he's releasing or where you're going to live when you get out or you're going to live with and he'll read to him the conditions of release which are in the judgment. But the problem is, what does the judgment say? All the previous conditions are imposed. He doesn't know which particular previous conditions go with which judgment. So let's just take the escape. It's only a year's supervised release. I ask you, does the mental health requirement disappear at the end of that year or did somehow it jump from that conviction into the other case, to the other conviction and is now a condition of that release? Doesn't this illustrate how important my honor is? For all these reasons and all the reasons I set forth in my brief, I hope you'll take the appropriate action. Thank you, counsel. We'll hear from the government. Good morning, your honors, and may it please the court. The panel should deny each of the appellant's requests for relief. The district court's decisions in each of the matters that the appellant seeks to overturn are supported by clear precedent in either this circuit or the overwhelming majority of its sister circuits. I'm happy to address any questions the panel has. Otherwise, I'll make one quick point regarding what the appellant knew at the time that the sentence was imposed. At the hearing, there was evidence presented and testimony provided by the probation officer that in November 2021, when the appellant was released from his previous term of incarceration, he sat down with his probation officer. He was provided two copies of judgments, one copy from the 2009 case and one copy of the 2016 case. He and his probation officer went through each of those conditions and he signed at the bottom saying that he understood. Unless the court has any other questions, I'll rest on my submission. Thank you, counsel. Thank you both. We'll take the case under advisement.